JORGE M. FONT RUIZ, Petitioner and Appellant, *v.* PENSION BOARD OF OFFICERS AND PERMANENT EMPLOYEES OF THE INSULAR GOVERNMENT, Respondent and Appellee.

No. 6120.—Argued January 24, 1935.—Decided February 1, 1935.

*Luis Tirado Géigel* for appellant. *Benjamin J. Horton, Attorney General,* and *T. Torres Pérez, Deputy Attorney General,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Jorge M. Font Ruiz applied for the issuance of a writ of mandamus commanding the respondent board to grant his retirement.

It was alleged in the petition that Jorge M. Font Ruiz was appointed in September, 1925, as assistant in the Biological Laboratory of the Insular Department of Health, where he served until July 1, 1927, when he was promoted to the position of Technical Bacteriologist in the same department, which he occupied until March 20, 1930; that on January 27 of that year, the petitioner applied to the respondent board for retirement on account of physical disability, in accordance with Act No. 104 of 1925 (Session Laws, page 948); that on August 28, 1930, the said board entered the following decision:

"Jorge M. Font, ex-employee of the Department of Health, petitions for retirement on account of physical disability. Having seen

the certificates of Doctors Gutiérrez Igaravídez and Costa Mandry, the Board has decided to deny the petition of Mr. Font because in its judgment it has not been proved that the petitioner is physically disabled to render useful and efficient service to the Government, as is provided in the law.''

It was also alleged that at the time of filing his application, the petitioner presented to the respondent board, certificates of examination by Doctors E. Martínez Rivera and Abel de Juan, which include an extensive and complete report as to his physical condition, and that it is therein stated categorically that the examiner finds him permanently incapacitated to discharge the duties of his position as technical bacteriologist in the Insular Department of Health, by reason of the conditions set forth in such reports; that the respondent board, through the Insular Department of Health, thereafter asked for a radioscopic examination and a test of the petitioner's blood, and that Doctors P. Gutiérrez Igaravídez and Oscar Costa Mandry, Roentgenologist and Director of the Biological Laboratory of the Insular Department of Health, respectively, made reports which include and set forth only the results of partial investigations, but which do not reach or set out any pathological conclusions; that the defendant board based its order denying retirement to the petitioner on the above-mentioned laboratory and X-Ray reports, giving no weight to the opinion of Doctors Martínez Rivera and De Juan, physicians in the service of the Insular Department of Health, which expressly establish the physical incapacity of the appellant to discharge his official duties; that on July 29, 1931 the petitioner asked the respondent board to reconsider its decision, and that on January 25, 1932, he received from the secretary of the respondent board the following communication:

''Referring to the petition for reconsideration which you presented on July 29, 1931, I beg to inform you that the Pension Board at its meeting on January 19, 1932, agreed to confirm its earlier decision denying retirement to you, basing itself upon the medical certifi-

cate of Dr. E. García Cabrera, Physician of this Board, who is of the opinion that at the present time your condition does not prevent you from working.

"By order of the Board:

Respectfully,

(Sgd.) Juan M. Herrero,
Secretary Pension Board."

The petitioner further alleged that he had complied with all the conditions required by the law and that he is physically disabled to give useful and efficient service by reason of sickness. He added that the defendant board has no power to determine, by itself, as it has done in this case, the fact of the physical disability of the petitioner, being obliged to accept the uncontroverted medical opinion offered by the petitioner and coming from doctors in the service of the Government.

The respondent in its answer alleged that the writ sought ought not to be granted for the following reasons:

"For the reason that the petitioner in this case is guilty of laches in permitting an excessive period of time to elapse without taking any steps before the respondent board of any kind after denial of his petition for retirement, and likewise in presenting his petition for a writ of mandamus.

"For the reason that it appears on the face of the petition that the same is based upon the ministerial duty of the respondent to grant retirement to the petitioner by reason of the certificates presented by him, and the law empowers only the respondent board to designate the doctor to examine the applicant, after presentation of the application for retirement."

The court below denied the petition, believing that the writ of mandamus ought not to be issued in this case. The decision of the court below practically declares that in accordance with the facts alleged in the petition, no case for relief by mandamus is stated in favor of the petitioner.

■ The first assignment of error is based upon the fact that the court *a quo* held that the remedy sought is improper,

since under the provisions of Act No. 104 of 1925 (Session Laws, page 948), it is possible to have a controversy before the respondent board in regard to questions of fact, as to which the determination lies in the discretion of said board.

The appellant denies that the Pension Board for Officers and Employees of the Insular Government, established by Act No. 104 of 1925, has discretionary power to grant or deny the benefits provided by said act. The position of the petitioner, to judge by his pleadings and the comments which he makes upon the law, is that the board is without power to determine by itself the fact of the alleged disability, being obliged to accept the uncontroverted medical opinion offered by the petitioner and coming from physicians in the service of the Government. The petitioner believes that in accordance with the opinions expressed by this court after a careful study of the text of the cited act, the agency charged with the enforcement thereof has no other purpose than that of complying strictly with the legislative mandate, it being its imperative duty to recognize the right created when the circumstances exist which have theretofore been defined as determining such right. If we do not misinterpret the petitioner, the board, in his opinion, has no power to hold that disability has or has not been shown, because its functions do not involve a greater use of discretion than that implied in determining whether in each claim presented to it there exists the state of facts contemplated by the law. He cites by way of analogy the cases decided by this court interpreting the Act creating a savings and loan fund for the employees of the Government of Puerto Rico, in connection with claims for insurance for physical disability. The latter act, like the one which we are now considering, does not expressly grant discretionary powers to the agency in charge of its enforcement to determine whether it has been proved or not that the employee is permanently disabled or physically incapacitated to render useful and efficient service to the Government as the case may be. Nevertheless, a careful study

of the act leads inevitably to the conclusion that such agency must have that discretion; otherwise the provisions of the act for the enforcement of which the Pension Board, according to section 16, was created, could not be made effective. It is also provided in section 11 that the board may make such investigations as it may deem proper, and that its members shall have power to administer oaths in connection with the provisions of the act.

In the case of *Muñoz* v. *Ramos,* 39 P.R.R. 366, 370, this court said:

"The law does not confer upon the board of directors any authority to summon witnesses, to administer oaths or to take testimony. It does not expressly provide that the board shall pass upon the question of permanent physical disability. Whatever power the board has to consider that question must be derived by mere inference from the necessity for an examination and approval or rejection of each claim as presented, from the fact that the board of directors is the governing body of the association, and from the further circumstance that the board has the power to formulate reasonable regulations for carrying the law into effect."

In commenting upon the passage just quoted, we said in the case of *Feliciano* v. *López,* 44 P.R.R. 911:

"This board, which designates the physicians who are to ascertain the employee's state of health, has duties to fulfill, and one of them is to see that the employee to whom insurance is paid is really and permanently incapacitated to perform his official duties. In addition to these provisions of section 25, that indicate where the power to consider these applications resides, we believe, as is pointed out in the case of *Muñoz* v. *Ramos,* 39 P.R.R. 366, 370, that said power arises from the necessity for an examination and approval or rejection of each claim as presented, from the fact that the board of directors is the governing body of the association, and from the further circumstance that the board has the power to formulate reasonable regulations for carrying the law into effect."

The petitioner admits that the board before acting must satisfy itself as to the state of facts required by the law. And what is the state of facts which must be shown in this

case in order for retirement to be granted? The law says clearly: the physical disability of the employee to render useful and efficient service by reason of sickness. How can the board, without exercising any discretion in weighing the evidence, formulate its judgment as to the existence or non-existence of the fact in those cases in which the doctors disagree as to this fundamental question? Disability, if it exists, is a fact which must be shown. The function of the board is not to establish the fact, but to recognize its existence when it has been proved to it; but if the board is not satisfied as to its existence, it cannot be obliged to accept it.

■■ As to whether the writ of mandamus is the proper remedy, we have stated, in interpreting the law, that the superior courts, while exercising their own sound discretion in the use of this flexible remedy, do review and control to some extent the discretion of inferior boards and tribunals, even in cases where the duty is such as necessarily requires the examination of evidence and the decision of questions of law and fact. *Muñoz* v. *Ramos, supra.* The court can weigh the evidence submitted to the board to determine whether any arbitrary act has been done or whether an error has been made, so manifest and palpable as to justify the issuance of a writ of mandamus. The exercise of discretionary power ought not to be capricious, abusive, or arbitrary, since where these elements are found it may be said that no discretion has been exercised. If an error has been committed of such a nature as to amount to a denial of justice, the courts will be justified in intervening through this extraordinary proceeding to correct the error. *Dyer* v. *Rossy,* 23 P.R.R. 718. We have read the petition in this case. It appears therefrom that there were submitted to the board the reports of Doctors Martínez Rivera and De Juan, selected by the petitioner, and those of Doctors Gutiérrez Igaravídez and Costa Mandry, selected by the said board, in addition to the report of Dr. García Cabrera, which was produced some time later. It is true that it is alleged that the board gave no weight to

30

the opinions of Doctors Martínez Rivera and De Juan; but this, which seems rather a conclusion than an allegation of a fact, cannot be interpreted as meaning that the board failed to consider and weigh the report of those physicians. It is not alleged that the board has committed manifest error or that it has been arbitrary in the exercise of its discretion. On the contrary, it is said that the appellee board had no power to determine for itself, as it has done in this case, the fact of physical disability of the petitioner, but is obliged to accept the medical opinion offered by the petitioner and coming from physicians in the service of the Government.

We are of the opinion that the facts alleged, taken as true, are not sufficient for the issuance of a writ of mandamus.

The judgment appealed from must be affirmed.